# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv181

| | |
|---|---|
| DIANE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for remand to the Social Security Administration for consideration of additional evidence pursuant to 42 U.S.C. §405(g). In the alternative, the Plaintiff requested additional time within which to file a brief to support a motion for summary judgment. The Defendant opposes remand and filed, in the alternative, a motion for summary judgment and an opposition to any such motion by the Plaintiff.

**PROCEDURAL HISTORY**

The Plaintiff filed a claim for social security disability and supplemental security income on July 14, 2003. Administrative Record (R.), filed July 17, 2007, at 56-58, 327-29. The Plaintiff alleged an onset date of disability of November 5, 2002 stemming from an on-the-job injury on April 30, 2002 which occurred when she attempted to lift a patient during her employment as a certified nursing assistant. R., at 158. The Plaintiff had an evidentiary hearing before an Administrative Law Judge (ALJ) on July 14, 2006. R., at 337. Seventeen (17) pages of medical records were not presented to the ALJ because the Plaintiff's attorney failed to include them in the record. Appendix, attached to Plaintiff's Brief in Support of Remand, filed October 22, 2007, 1-18. On September 14, 2006, the ALJ denied her claim for benefits. R., at 13-26.

The Plaintiff requested review of the ALJ's decision by the Appeals Council and specifically informed that council that she had "a lot of additional medical records that were not available at the hearing. I was not aware that my attorney did not have them for the Judge until I received the denial." R., at 12. In fact, the Plaintiff then hired a new attorney to represent her before the Appeals Council. That attorney in November

2006 requested an extension of time from the Council within which to submit additional medical records. R., at 336. On November 28, 2006, the Council granted that request and provided a twenty-five (25) day period within which to submit additional evidence. R., at 10. Despite this grant by the Appeals Council, Plaintiff's new attorney also failed to submit the medical records to the Council which rendered its decision on February 22, 2007 without the benefit of those records.[1] R., at 6-10 (noting that the only additional evidence received was a one page exhibit consisting of the letter from Plaintiff's attorney).

On April 27, 2007, the Plaintiff initiated this action requesting that her case be remanded for additional evidence or, in the alternative, for judicial review of the Commissioner's decision.

## STANDARD OF REVIEW

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to h[er] of notice of such decision[.] ... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing

---

[1] An additional nine (9) pages of medical records were available for submission during that time period. Appendix, *supra.*, at 19-27.

the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.[2] ... The Court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.][3]

42 U.S.C. §405(g).

A reviewing court may remand a social security action if the new evidence is "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985), *superceded by statute as stated in* Wilkins v. Secretary, Dept. Health and Human Services, 925 F.2d 769, 774 (4th Cir. 1991), *quoting* Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). Such evidence must be material in the sense that the Commissioner's decision "'might reasonably have been different had the new evidence been before [him].'" Id., *quoting* King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The claimant must show good cause for her

---

[2]This is referred to as a "sentence four" remand pursuant to sentence four of 42 U.S.C. §405(g).

[3]This is referred to as a "sentence six" remand pursuant to sentence six of the statute. The Plaintiff seeks remand pursuant to sentence six. A sentence four remand results in a final judgment whereas the court retains jurisdiction over the case during a sentence six remand. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157 (1991); *accord*, Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625 (1993).

4

failure to submit the evidence when her claim was before the Commissioner and she must also make a showing of the nature of the evidence. *Id*. Here, the Plaintiff has submitted the medical records which were not placed before the Commissioner and this Court has reviewed those records. <u>King</u>, *supra*.

**DISCUSSION**

In response to the Plaintiff's request that this matter be remanded for the consideration of new evidence, the Commissioner has advised as follows:

> Plaintiff has appended a substantial amount of evidence not previously seen by the ALJ, and it shows that during the time-relevant period, plaintiff had conditions/treatment for impairments either not considered by the ALJ or considered non-severe, or treatment for conditions that caused impairments but that the ALJ rejected as not credible due to the degree alleged, as plaintiff had not sought adequate treatment. These include, but are not limited to coronary artery disease, tortuous coronary arteries, status post myocardial infarction, obesity, depression, hypertension, hip pain, joint pain, chronic back pain, osteoarthritis, degenerative joint disease, use of a fentanyl patch for pain relief and left leg pain. There is no question that much of this evidence is time-relevant or "material" to the claim, as most was for treatment on or before the final decision of the ALJ, rendered September 14, 2006. The evidence is also "new" with respect to not having previously been before the ALJ and is not merely cumulative or duplicative of evidence in the record, therefore, the evidence meets the standard of new evidence. The Commissioner concedes that plaintiff has made

an adequate showing that the ALJ's decision may have been different had he seen the evidence.

> The issue, then, is whether "good cause" exists for its late submission. ... The Commissioner leaves the issue of whether "good cause" has been met to the Court's discretion.

<u>Memorandum in Support of the Commissioner's Decision and in Further Support of a Denial of Remand</u>, filed December 21, 2007, at 3-4.

The Commissioner has thus conceded that the Plaintiff has established three of the four prerequisites for a remand for the consideration of new evidence. The Court has reviewed the appended new evidence and concurs with the Defendant. <u>King</u>, *supra*. The Administrative Record contains the Plaintiff's medical records from June 2002 through March 2004. <u>R.</u>, at 152-326. However, medical records relating to significant conditions, such as her heart attack, coronary artery disease and stent placement in February 2005 were not included although she attempted to report those conditions to the agency. <u>R.</u>, at 151B. The Plaintiff has met the first three prerequisites. <u>Borders</u>, *supra*; <u>King</u>, *supra*.

"Claimants in disability cases are entitled to a full and fair hearing of their claims, and the failure to have such a hearing may constitute good cause sufficient to remand to the Secretary under 42 U.S.C. §405(g) for the taking of additional evidence." <u>Sims v. Harris</u>, 631 F.2d 26, 27 (4th Cir. 1980). Where the underlying facts were not sufficiently developed, it is

appropriate to remand the case to the Commissioner. Angell v. Flemming, 291 F.2d 72 (4th Cir. 1961). The lack of medical records relating to the time during which the Plaintiff's application was pending constitutes a failure to sufficiently develop the facts by the ALJ.

> "[C]ourts have not hesitated to remand for the taking of additional evidence, ... where relevant, probative and available evidence was either not before the Secretary or was not explicitly weighed and considered by him, although such consideration was necessary to a just determination of claimant's application."

Williams v. Califano, 590 F.2d 1332, 1334 (5th Cir. 1979), *quoting* Cutler v. Weinberger, 516 F.2d 1282, 1285 (2nd Cir. 1975).

Some of the medical records which were not submitted below are from different treating sources than those who provided medical records for the hearing. Conte v. McMahon, 472 F.Supp.2d 39, 45 (D.Mass. 2007) (Medical records from the same treating sources addressing previously discussed physical conditions do not constitute new evidence). In fact, medical records to establish the severity of the Plaintiff's heart condition were not placed before the Commissioner in any fashion. This is compelling because the ALJ referred to "residuals from a heart attack" based on the Plaintiff's testimony at the hearing. R., at 18-19. The medical records which were not before the ALJ instead show serious

coronary artery disease. Lisa v. Secretary of Dept. of Health and Human Services, 940 F.2d 40, 44 (2nd Cir. 1991) ("Nothing in the record suggests that the Secretary attached any special significance to this tangential mention of [heart disease] or pondered its implications."). And, the Plaintiff appears to have done everything within her power to assure that the records were placed before the Appeals Council, going so far as to personally write to the Council in addition to hiring a new attorney. Conte, *supra*. (Justification for the failure to include the records before the ALJ would establish good cause.); Spain v. Barnhart, 2003 WL 21254782 (E.D.N.Y. 2003) (Physician's failure to provide medical records constitutes good cause.). Under these circumstances, the Court finds that the Plaintiff "justifiably failed to offer into the record of the [] administrative proceedings medical evidence that might reasonably have changed the outcome," and thus, has established good cause. Lurry v. Bowen, 700 F.Supp. 1089, 1091 (N.D.Fla. 1987). The motion to remand will therefore be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for remand is hereby **GRANTED** and this matter is remanded to the Commissioner for consideration of the new evidence presented herein.

**IT IS FURTHER ORDERED** that the Plaintiff's alternative motion for summary judgment is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Defendant's alternative motion for summary judgment is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case during the remand.

**IT IS FURTHER ORDERED** that upon the conclusion of remand proceedings, the parties shall advise the Court of the status of the action.

Martin Reidinger
United States District Judge

Signed: January 23, 2008